UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NYC C.L.A.S.H., INC., *et al.*,<br><br>    **Plaintiffs**,<br><br>v.<br><br>BEN CARSON, SECRETARY OF DEP'T OF HOUSING & URBAN DEVELOPMENT, *et al.*,<br><br>    **Defendants**. | Civil Action No. 18-1711 (ESH) |

## **MEMORANDUM OPINION AND ORDER**

This case was brought by a smokers' rights organization against the U.S. Department of Housing and Urban Development ("HUD"), challenging a regulation banning smoking in public housing, including in individual residential units. Kirk Becker, a private citizen who lives in an affected public housing unit, moves *pro se* pursuant to Federal Rule of Civil Procedure 24 to intervene as a plaintiff. (Mot. to Intervene, Jan. 9, 2019 (ECF No. 15).) For the reasons stated herein, the Court denies Mr. Becker's motion to intervene. However, because neither party opposes Mr. Becker's filing an *amicus* brief in this case, he may do so.

## **BACKGROUND**

Plaintiffs, the nonprofit organization New York City Citizens Lobbying Against Smoker Harassment ("CLASH") and several individuals who are smokers and who live in apartments subsidized by HUD in various American localities, initiated this action on July 23, 2018. (Compl., July 23, 2018 (ECF No. 1).) They allege that a HUD rule, "Smoke-Free Public Housing" (the "HUD Rule"), which became effective February 2, 2017, 24 CFR §§ 965.651-

965.655, violates the Administrative Procedure Act ("APA") and the Fourth, Fifth, Tenth, and Fourteenth Amendments and the Spending and Commerce Clauses of the U.S. Constitution. (*See id.* ¶ 1.) Plaintiffs seek vacatur of the HUD Rule, or, alternatively, modification of the HUD Rule to permit smoking in private residential units. (*See id.* ¶ 183.) Plaintiffs filed a motion for summary judgment on May 3, 2019. (Pls.' Mot. for Summ. J., May 3, 2019 (ECF No. 26).)

On January 9, 2019, Mr. Becker, who is a smoker and a public housing resident, moved to intervene in the lawsuit. (*See* Mot. to Intervene.) Mr. Becker lives in HUD-funded public housing operated by the Housing Authority of the City of Austin, Texas ("HACA"). Like plaintiffs, Mr. Becker argues that the HUD Rule is arbitrary and capricious in violation of the APA; however, he does not reiterate plaintiffs' other arguments and does not agree with plaintiffs as to the relief sought. Like plaintiffs, Mr. Becker argues that the HUD Rule is too severe. However, he disagrees with CLASH as to the appropriate solution, because according to Mr. Becker, "he at least endeavors to recognize the interests of residents who don't smoke" and the benefits of a ban to those residents. (Mot. to Intervene ¶ 9.) While CLASH argues that the ban on smoking in private units should be entirely lifted, Mr. Becker argues for a "relaxed standard of smoke free" whereby some areas of public housing complexes would offer non-smoking units and others would permit smoking. (*See* Mot. to Intervene ¶¶ 44-62.)

Both parties oppose intervention. (*See* Pls.' Opp'n to Mot. to Intervene as Pl., Feb. 1, 2019 (ECF No. 21); Defs.' Opp'n to Mot. to Intervene, Feb. 15, 2019 (ECF No. 23).)

## LEGAL STANDARD

A court must permit anyone to intervene by right if the putative intervenor "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to

2

protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a)(2). Courts in this Circuit look to four factors to determine whether intervention as of right is due: "(1) the application to intervene must be timely; (2) the applicant must demonstrate a legally protected interest in the action; (3) the action must threaten to impair that interest; and (4) no party to the action can be an adequate representative of the applicant's interest." *Deutsche Bank Nat'l Trust Co. v. FDIC*, 717 F.3d 189, 192 (D.C. Cir. 2013). Additionally, as a threshold matter, "an intervenor of right must demonstrate Article III standing when it seeks additional relief beyond that which the plaintiff requests." *Town of Chester, N.Y. v. Laroe Estates, Inc.*, 137 S. Ct. 1645, 1652 (2017); *see also Fund for Animals, Inc. v. Norton*, 322 F.3d 728, 732-33 (D.C. Cir. 2003) (same).

A court may grant permissive intervention to anyone who "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). The court must consider whether intervention would "unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3). "[P]ermissive intervention is an inherently discretionary enterprise," *EEOC v. Nat'l Children's Ctr., Inc.*, 146 F.3d 1042, 1046 (D.C. Cir. 1998), and a district court has "wide latitude" to "deny a motion for permissive intervention even if the movant established an independent jurisdictional basis, submitted a timely motion, and advanced a claim or defense that shares a common question with the main action." *Id.* at 1048.

## ANALYSIS

### I. INTERVENTION AS OF RIGHT

In his motion to intervene, Mr. Becker "seeks additional relief beyond that which the plaintiff requests." *Town of Chester*, 137 S. Ct. at 1652. Indeed, the primary difference between Mr. Becker and plaintiffs is that Mr. Becker seeks a different remedy than that sought by

3

plaintiffs. Therefore, he may not intervene as of right unless he has demonstrated that he has Article III standing. Both parties argue that Mr. Becker has not done so, and the Court agrees. "To establish standing under Article III, a prospective intervenor—like any party—must show: (1) injury-in-fact, (2) causation, and (3) redressability." *Fund for Animals*, 322 F.3d at 732-33 (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61 (1992)). As a smoker who resides in public housing, Mr. Becker has established injury-in-fact because the HUD Rule prohibits him from smoking in his own home. However, he has not established that his injury was caused by or is redressable by changing the HUD Rule.

Mr. Becker lives in HUD-funded, HACA-operated housing that is subject to both the HUD Rule, 24 CFR Parts 965, 966, which became effective February 2, 2017, and to HACA's local ban on smoking in public-housing residence units that took effect locally in Austin, Texas in 2015. *See* Housing Auth. of the City of Austin, Public Housing Admissions and Continued Occupancy Policy, Smoke-Free Housing Policy, Ch. 13-I (the "HACA Policy") (prohibiting smoking in all public housing residential units). The HACA Policy carries enforcement measures providing for escalating sanctions, whereby a household's fourth violation can result in "30-day notice of lease termination." *Id.* at Ch. 13-II. Because the local ban on smoking in private residences operated by HACA pre-dates the HUD Rule, any injury caused by such a ban was actually caused by the HACA Policy, and not the HUD Rule. Similarly, even if the HUD Rule were vacated, the HACA policy would likely remain, as it existed prior to February 2017 when the HUD Rule took effect.

Mr. Becker argues that "the HACA policy was prompted by defendant HUD, and in any case, is superseded by the HUD policy before this Court." (Movant's Reply to Def.'s Objection to Intervention at 2, Feb. 25, 2019 (ECF No. 24) ("Reply to Defs.").) These arguments are

inapposite.  It is true that the HACA Policy notes that "HUD has strongly encouraged public housing authorities to adopt a smoke free policy since 2009," but it was not until the local policy took effect in 2015 that smoking was banned in residential units.  HACA Policy, Ch. 13.  There is no indication that the HACA Policy would be rescinded if the HUD Rule were vacated.  Indeed, such speculation is wholly unwarranted, and Mr. Becker's argument that the HACA Policy was "prompted" by HUD is insufficient to show that the HACA Policy would not continue to exist even if the HUD Rule were invalidated.  "Because the necessary elements of causation and redressability . . . hinge on the independent choices of the regulated third party, 'it becomes the burden of the plaintiff to adduce facts showing that those choices have been or will be made in such manner as to produce causation and permit redressability of injury.'" *Nat'l Wrestling Coaches Ass'n v. Dept. of Education*, 366 F.3d 930, 938 (D.C. Cir. 2004) (quoting *Lujan*, 504 U.S. at 562) (abrogation on other grounds recognized by *Perry Capital LLC v. Mnuchin*, 864 F.3d 591, 620 (D.C. Cir. 2017).  Mr. Becker has not met this burden.

Nor do principles of federal preemption nullify the local ban on smoking in public-housing units that has been in effect in Austin since 2015.   It is true that the HACA Policy was revised in 2017 to bring it into alignment with the specific requirements of the HUD Rule; for example, the HACA Policy was revised to list specific prohibited items and to specify that people may not smoke within 25 feet of regulated areas.  *See* HACA Policy, Ch. 13 (listing a revision date of Dec. 21, 2017 and noting that it "meets the standards of HUD's final rule").[1]  As relevant to this litigation, however, the HACA Policy's ban on smoking in private residential units and its enforcement mechanisms existed before the HUD Rule.

---

[1] *See also* Ex. 2, Housing Auth. of the City of Austin, Board of Commissioners Regular Meeting Agenda at 102/323 (Oct. 18, 2017), https://www.hacanet.org/wp-content/uploads/2016/07/20171018-FINAL-HACA-PACKET.pdf (showing the revisions to the HACA Policy in 2017).

Mr. Becker has not shown that he has Article III standing to bring this claim, and therefore he may not move to intervene as of right.

## II. PERMISSIVE INTERVENTION

Mr. Becker also argues that the Court should permit him to intervene. "It remains . . . an open question in this circuit whether Article III standing is required for permissive intervention." *Defs. of Wildlife & Sierra Club v. Perciasepe*, 714 F.3d 1317, 1327 (D.C. Cir. 2013) (quoting *In re Endangered Species Act Section 4 Deadline Litig.—MDL No. 2165*, 704 F.3d 972, 980 (D.C. Cir. 2013)); *cf. Deutsche Bank Nat'l Trust Co.*, 717 F.3d at 195 (Silberman, J., concurring) (stating that a party seeking permissive intervention must establish standing). Nevertheless, the D.C. Circuit has repeatedly "declined to review the denial of a Rule 24(b) motion once [it] determined the potential intervenor lacked standing." *Defs. of Wildlife & Sierra Club*, 714 F.3d at 1327 (citing *Section 4 Deadline Litig.*, 704 F.3d at 979; *In re Vitamins Antitrust Class Actions*, 215 F.3d 26, 32 (D.C. Cir. 2000)). Therefore, while arguably not dispositive, Mr. Becker's lack of Article III standing is a factor that undercuts a claim for permissive intervention.

There are additional reasons for the Court to exercise its discretion to deny Mr. Becker's motion for permissive intervention. One is that his interest in this litigation is already adequately represented. Mr. Becker does have "a claim . . . that shares with the main action a common question of law or fact," because like plaintiffs, he is a smoker living in regulated housing and he argues that the HUD Rule is arbitrary and capricious. Fed. R. Civ. P. 24(b)(1)(B). However, to the extent that Mr. Becker is harmed by the HUD Rule, his interest is identical to the interest of plaintiffs, who are represented by counsel and will receive a full hearing by the Court. Although Mr. Becker does disagree with plaintiffs as to the appropriate remedy, the Court is well equipped to decide an appropriate remedy in the event that plaintiffs should prevail on the relevant

questions of law.  Moreover, it is not clear that the primary distinctions between Mr. Becker's and plaintiffs' arguments can be fully addressed by the Court.  Mr. Becker proposes a specific remedy, *i.e.*, a compromise rule that would allow for some, rather than all, regulated housing units to be smoke-free.  (*See* Proposed Compl. ¶¶ 44-62, Jan. 9, 2019 (ECF No. 15-1).)  While it is within the Court's power to determine whether certain aspects of an agency action are unlawful, it is not the Court's prerogative to rewrite agency rules as it sees fit.  *See, e.g.*, *Motor Vehicle Mfrs. Ass'n of U.S., Inc. v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43 (1983) ("The scope of review under the 'arbitrary and capricious' standard is narrow and a court is not to substitute its judgment for that of the agency.").  Mr. Becker need not intervene in order to have his position seriously considered by the Court.

Permitting intervention also would unduly delay this litigation.  Mr. Becker concedes that intervention "may delay the suit," but contends that it would not be "unduly delayed" because the "case is not so far advanced that the other parties cannot properly respond to the intervention."  (Mot. to Intervene ¶¶ 12-13.)  However, any delay in adjudicating the rights of the parties is undue if there is no good reason for it.  The parties both indicate they would not oppose Mr. Becker's filing an *amicus* brief to voice his views as to the appropriate outcome.  (*See* Defs.' Opp'n at 1; Pls.' Opp'n at 2.)  An individual may file an *amicus* brief "only upon leave of Court, which may be granted after the submission of a motion for leave to file or upon the Court's own initiative." D.C. Loc. Civ. R. 7(o).  An *amicus* brief would allow Mr. Becker's position as to the appropriate relief to be fully heard.  *See, e.g.*, *Cigar Ass'n of America v. FDA*, 323 F.R.D. 54, 66 (D.D.C. 2017) (denying a motion to intervene where the proposed intervenors already had "ample opportunity" to make their points as *amici*).  If he wishes to proceed as an amicus, Mr. Becker may file a motion.  His proposed arguments as a putative intervenor otherwise have no

bearing on the Court's ability to ensure the "just and equitable adjudication of the legal question[s] presented." *Sierra Club v. McCarthy*, 308 F.R.D. 9, 12 (D.D.C. 2015).

For the reasons stated herein, it is hereby

**ORDERED** that Mr. Becker's Motion to Intervene, ECF No. 15, is **DENIED**; it is further

**ORDERED** that Mr. Becker may move for leave to file a brief of *amicus curiae* on or before June 25, 2019.

**SO ORDERED**.

/s/ Ellen S. Huvelle
ELLEN S. HUVELLE
United States District Judge

Date: June 4, 2019