UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| NYC C.L.A.S.H., INC., *et al.*, <br><br> **Plaintiffs,** <br><br> v. <br><br> BEN CARSON, SECRETARY OF DEP'T OF HOUSING & URBAN DEVELOPMENT, *et al.*, <br><br> **Defendants.** | Civil Action No. 18-1711 (ESH) |

## MEMORANDUM OPINION

Plaintiffs, a smokers' rights organization and six individual smokers who reside in public housing, sued the U.S. Department of Housing and Urban Development ("HUD") and Ben Carson, in his official capacity as the Secretary of HUD, challenging a regulation that bans smoking in public housing, including in residential units. The parties filed cross-motions for summary judgment. On March 2, 2020, the Court granted defendants' motion for summary judgment and entered judgment in favor of defendants. (Order, ECF No. 45.) *See NYC C.L.A.S.H., Inc. v. Carson*, No. 18-cv-1711, 2020 WL 999851, at *1 (D.D.C. Mar. 2, 2020). Plaintiffs now move for reconsideration and amendment of the judgment pursuant to Federal Rules of Civil Procedure 59(e) and 60(b)(1) (Pls.' Mot. to Reconsider & Amend the J. ("Pls.' Mot. to Recons."), ECF No. 49) and to amend their complaint pursuant to Rule 15(b)(2). (Pls.' Mot. to Conform Pleadings to Issues & Evid. Raised in Summ. J. Briefing, ECF No. 54.) For the reasons stated herein, plaintiffs' motion to reconsider will be denied, their motion to amend the

judgment will be denied in part and granted in part, and their motion to amend their complaint will be denied.

## ANALYSIS

### I. LEGAL STANDARDS

Rule 59(e) "provides a limited exception to the rule that judgments are to remain final." *Leidos, Inc. v. Hellenic Republic*, 881 F.3d 213, 217 (D.C. Cir. 2018). Because "the reconsideration or amendment of a judgment is . . . an extraordinary measure," a court will only grant a motion under Rule 59(e) "(1) if there is an intervening change of controlling law; (2) if new evidence becomes available; or (3) if the judgment should be amended in order to correct a clear error or prevent manifest injustice." *Id.* (citation and internal quotation marks omitted). Plaintiffs do not attempt to demonstrate a change in controlling law or to present new evidence; they claim that the Court's March 2, 2020 Order was clearly erroneous. (Pls.' Mot. to Recons. at 4 ("Plaintiffs rely on the clear-error standard of Rule 59(e).").)

"Clear error" under Rule 59(e) is "a very exacting standard," requiring that a judgment be "dead wrong" to grant relief. *Lardner v. FBI*, 875 F. Supp. 2d 49, 53 (D.D.C. 2012) (citations and internal quotation marks omitted). Put more colorfully by the Seventh Circuit, "[t]o be clearly erroneous, a decision must strike [the court] as more than just maybe or probably wrong; it must . . . strike [the court] as wrong with the force of a five-week-old, unrefrigerated dead fish." *Parts & Elec. Motors, Inc. v. Sterling Elec., Inc.*, 866 F.2d 228, 233 (7th Cir. 1988). Mere disagreement with a court's ruling will not justify amendment of a judgment. *United States ex rel. Becker v. Westinghouse Savannah River Co.*, 305 F.3d 284, 290 (4th Cir. 2002); *Habliston v. FINRA Disp. Resol., Inc.*, 251 F. Supp. 3d 240, 246 (D.D.C. 2017).

Similarly, "Rule 59(e) motions are aimed at reconsideration, not initial consideration." *Leidos, Inc.*, 881 F.3d at 217 (citation and internal quotation marks omitted). Thus, those motions "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008) (citation and internal quotation marks omitted); *see also Patton Boggs LLP v. Chevron Corp.*, 683 F.3d 397, 403 (D.C. Cir. 2012) ("Rule 59(e) is not a vehicle to present a new legal theory that was available prior to judgment."). Arguments raised for the first time in a Rule 59(e) motion that do not demonstrate a change in controlling law or present new evidence may be deemed waived. *GSS Grp. Ltd. v. Nat'l Port Auth.*, 680 F.3d 805, 812 (D.C. Cir. 2012).

Rule 60(b)(1) allows a court to relieve a party from a final judgment due to "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). "Relief under Rule 60(b)(1) motions is rare; such motions allow district courts to correct only limited types of substantive errors." *Hall v. CIA*, 437 F.3d 94, 99 (D.C. Cir. 2006). The movant bears the burden of showing that he or she is entitled to relief, *Norris v. Salazar*, 277 F.R.D. 22, 25 (D.D.C. 2011), and "'[t]he decision to grant or deny a rule 60(b) motion is committed to the discretion of the District Court.'" *Kareem v. FDIC*, 811 F. Supp. 2d 279, 282 (D.D.C. 2011) (quoting *United Mine Workers of Am. 1974 Pension v. Pittston Co.*, 984 F.2d 469, 476 (D.C. Cir. 1993)).

## II.     PLAINTIFFS' ARGUMENTS

Plaintiffs raise numerous complaints about the Court's decision, but none demonstrates that reconsideration is warranted. Many of plaintiffs' arguments merely rehash arguments made in their summary judgment pleadings. For instance, plaintiffs reprise their argument that the Smoke Free Rule impermissibly requires States to enact a smoking ban by using language that is, in large part, identical to that used in their pre-judgment briefing. (*Compare* Pls.' Mot. to

Recons. at 7, *with* Pls.' Mot. for Summ. J. at 18, ECF No. 26-1.)  They also recycle their arguments dealing with HUD's authority to promulgate the Rule, again arguing that HUD's power to establish standards to ensure that public housing is "safe and habitable" does not include the power to regulate smoking in public housing (*compare* Pls.' Mot. to Recons. at 13–14, *with* Pls.' Opp. to Defs.' Cross Mot. for Summ. J. at 2–3, 35–36, ECF No. 37), and again they use language that initially appeared in their summary judgment briefing.  (*Compare* Pls.' Mot. to Recons. at 14, *with* Pls.' Mot. for Summ. J. at 20, 42.)  Plaintiffs cannot now relitigate matters that were already decided.  *Exxon Shipping Co.*, 554 U.S. at 485 n.5.

     Other arguments for reconsideration misunderstand or fail to address the Court's summary judgment holdings and, thus, do not show that those holdings were clearly erroneous.  For example, in arguing for reconsideration of the Court's holding that the Smoke Free Rule is not arbitrary or capricious, plaintiffs quibble with the Court's citation to the final Rule in a footnote.  (Pls.' Mot. to Recons. at 18 (citing *NYC C.L.A.S.H., Inc.*, 2020 WL 999851, at *15 n.16).)  As support for the proposition that "HUD was concerned with the effects of secondhand smoke on nonsmokers in the same unit as a smoker, not just those affected by the interunit transfer of smoke," the Court cited the final Rule, which states that "'[i]ncreased air sealing could . . . have the disadvantage of increasing [secondhand smoke] exposure to non-smokers in the sealed units.'"  *NYC C.L.A.S.H., Inc.*, 2020 WL 999851, at *15 n.16 (quoting Instituting Smoke-Free Public Housing, 81 Fed. Reg. 87,430, 87,442 (Feb. 3, 2017)).  Plaintiffs argue that the final Rule "refer[s] . . . to some science-fiction solution of 'air sealing' units" and not to plaintiffs' desired alternative to the Rule, *i.e.*, no Rule at all.  (Pls.' Mot. to Recons. at 18.)  However, in citing to the final Rule, the Court was not addressing or evaluating air sealing or plaintiffs' "no Rule" alternative; rather, the Court was addressing plaintiffs' argument that the

Smoke Free Rule "is demonstrably arbitrary when [it] equally bans smoking in unattached houses and mobile homes," where "[t]he smoke transfer justification is non-existent." (Pls.' Mot. for Summ. J. at 51.)  Contrary to this argument, the final Rule shows that HUD was also concerned with the effects of secondhand smoke on nonsmokers in freestanding units.

Plaintiffs also present evidence and arguments that were available prior to the entry of judgment to support reconsideration of two of their claims.  First, plaintiffs base their request that the Court reconsider and reach the merits of their preemption argument on law that could have been incorporated into their summary judgement pleadings.  (*See* Pls.' Mot. to Recons. 10–11 (citing *James v. Valtierra*, 402 U.S. 137, 140 (1971), and state and local laws in effect before plaintiffs moved for summary judgment).)  Thus, their arguments based on these laws were waived.  *GSS Grp. Ltd.*, 680 F.3d at 812.  Moreover, plaintiffs assert that *James* "definitively answers the preemption question against preemption." (Pls.' Reply at 3, ECF No. 52.)  *James* was decided in 1971, so there can be no excuse for not citing it before judgment was entered, and it does not hold, as plaintiffs' claim, that the Housing Act does not preempt state law.  (Pls.' Mot. to Recons. at 10.)  Instead, in *James*, the Supreme Court held that the Act "does not purport to require that local governments accept [the offered financial aid]," 402 U.S. at 140, which supports this Court's ruling that the Smoke Free Rule does not mandate action on the part of the States in violation of the Tenth Amendment.

Second, plaintiffs attempt to support reconsideration of their arbitrary and capricious claim with evidence that "smoking represents about 2.0 percent of fires, while open flames (which include candles) represent 4.3 percent of fires." (Pls.' Mot. to Recons. at 3.)  This evidence was available prior to the entry of judgment, and thus, this argument was waived.  *GSS Grp. Ltd.*, 680 F.3d at 812.  Moreover, far from showing that the Smoke Free Rule is

5

"pretextual" (Pls.' Mot. to Recons. at 19), this evidence shows that, even if candles caused more fires in a five-year period, the Rule will contribute to the "reduc[tion of] the risk of catastrophic fires," 81 Fed. Reg. 87,431, since it shows that "[b]etween 2012 and 2016, smoking materials caused an estimated annual average of 18,100 home structure fires." (Pls.' Mot. to Recons. at 3.)

In addition to claiming that the Court committed clear error, plaintiffs ask the Court to amend the judgment in three respects. First, plaintiffs argue that the Court should have denied summary judgment to defendants on Counts One and Two, which allege that the Smoke Free Rule violates the anticommandeering principle of the Tenth Amendment, because whether the Rule coerces public housing authorities to implement smoking bans is a disputed issue of fact. (Pls.' Mot. to Recons. at 6.) As plaintiffs admit, they "failed to raise th[e] obvious—and likely uncontested—point" that "PHAs cannot afford to forego HUD funding" and thus, "seek to make it now via judicially noticeable materials." (*Id.* at 8.) According to plaintiffs, they seek to use Rule 60(b)(1) to "correct[] this . . . inadvertent omission," even though they fail to cite any support for this proposition. (*Id.*) *See Andree v. Ctr. for Alt. Sentencing & Emp't Servs., Inc.*, No. 92 Civ. 616, 1993 WL 362394, at *3 (S.D.N.Y. Sept. 14, 1993) (denying Rule 60(b)(1) motion where the plaintiff "fail[ed] to cite a single case in which a court has granted [such] a motion . . . in circumstances similar to those present in this case"); *see also Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 392 (1993) ("[I]nadvertence . . . do[es] not usually constitute 'excusable' neglect."). Moreover, plaintiffs cannot create a disputed issue of fact by urging the Court, in a motion for reconsideration, to take judicial notice of "facts" that were known, or at least were easily available, to plaintiffs at the time they filed for summary judgment. *PETA v. U.S. Dep't of Health & Human Servs.*, 226 F. Supp. 3d 39, 54 (D.D.C. 2017) (rejecting the plaintiff's attempt to introduce evidence under Rule 60(b)(1) where the plaintiff

was aware of the evidence over a year before submitting its summary judgment pleadings); *see also Ellipso, Inc. v. Mann*, 583 F. Supp. 2d 1, 3 (D.D.C. 2008) (denying Rule 60(b)(1) motion in part because the movant sought "to reinstate the claims based on evidence entirely within his control").

Plaintiffs also confuse a summary judgment motion under Rule 56 and a review of an agency action under the Administrative Procedure Act, 5 U.S.C. §§ 701 *et seq.* In the latter case, which is the situation here, the Court reviews an agency decision to see if it complies with the law. *See Girling Health Care, Inc. v. Shalala*, 85 F.3d 211, 215 (5th Cir. 1996) ("Judicial review has the function of determining whether the administrative action is consistent with the law—that and no more."). "The administrative agency is the fact finder," not the court. *Id.* (alteration, citation, and internal quotation marks omitted); *see also* LCvR 7(h)(2) (excepting "cases in which judicial review is based solely on the administrative record" from the requirements that the party moving for summary judgment file a statement of undisputed material facts and that the opposing party file a statement of material facts as to which there is a genuine issue that needs to be litigated); LCvR 7(h) cmt. ("This provision recognizes that in cases where review is based on an administrative record the Court is not called upon to determine whether there is a genuine issue of material fact, but rather to test the agency action against the administrative record.").

Further, as noted in *NYC C.L.A.S.H., Inc.*, 2020 WL 999851, at *6 n.10, it was unclear if plaintiffs were even raising an argument regarding coercion based on the extent of HUD funding. As a result, the Court noted that "[t]o the extent plaintiffs argue that a PHA's risk of losing all of its public housing funding is 'so coercive as to pass the point at which pressure turns into compulsion,'" the Court could not address the argument given the lack of evidence to support

such a claim.[1]  *Id.* (quoting *Nat'l Fed'n of Indep. Bus. v. Sebelius* ("*NFIB*"), 567 U.S. 519, 580 (2012) (plurality opinion) (citation and internal quotation marks omitted)).  Specifically, the Court addressed the plaintiffs' argument under the second prong of the anticommandeering doctrine that the Rule was an impermissible "overlay onto existing housing funding" in violation of the spending power.  (Pls.' Mot. for Summ. J. at 21.)  For this reason, the Court will not permit plaintiffs to use Rule 60(b)(1) to introduce new facts and arguably a new theory in a motion for reconsideration.[2]

Next, plaintiffs ask the Court "to memorialize its Fourth Amendment holding into a declaratory judgment that the Smoking Ban and HUD's implementing regulations prohibit PHAs from exceeding the bounds of the Fourth Amendment when implementing the Smoking Ban on a HUD-funded project." (Pls.' Mot. to Recons. at 12.)  Plaintiffs' request mischaracterizes the Court's holding.  The Court did not hold that the Smoke Free Rule *prohibits* PHAs from exceeding the bounds of the Fourth Amendment; it merely held that the Rule "does not *authorize* any unlawful searches."  *NYC C.L.A.S.H., Inc.*, 2020 WL 999851 at *8 (emphasis added).  Accordingly, plaintiffs' request to amend the judgment in this respect will be denied.

---

[1] At most, plaintiffs made a passing reference to the possibility that a State's decision not to comply with the Rule "might end up costing them significant funding." *NYC C.L.A.S.H., Inc.*, 2020 WL 999851, at *6 n.10 (quoting Pls.' Opp. to Defs.' Cross Mot. for Summ. J. at 17, ECF No. 37).

[2] Similarly, the Court does not agree with plaintiffs' attempt to invoke Rule 15(b)(2) to amend their pleadings to add a recitation of legal principles relating to *NFIB*'s holding that the threat of losing federal funding could be "so coercive as to pass the point at which pressure turns into compulsion." *NFIB*, 567 U.S. at 580 (citation and internal quotation marks omitted).  This issue was not "tried by the parties' express or implied consent," as required by Rule 15(b)(2), given plaintiffs' blunderbuss approach to the second prong of the Tenth Amendment's anticommandeering principle.  Therefore, the Court will deny plaintiffs' motion for leave to amend their complaint (ECF No. 54).

Finally, plaintiffs argue that the Court should deny summary judgment to both parties on Counts Eight and Nine, which allege that HUD lacked authority to promulgate the Smoke Free Rule under the Commerce Clause, because plaintiffs' claims were mooted by the Court's holding that the Smoke Free Rule was a valid exercise of Congress' spending power. (Pls.' Mot. to Recons. at 12–13.) Plaintiffs are correct that the Court did not reach the merits of their Commerce Clause claims because of that holding, *NYC C.L.A.S.H., Inc.*, 2020 WL 999851 at *11, and summary judgment should not have been granted for defendants. The Court will issue an amended Order denying defendants' motion for summary judgment on Counts Eight and Nine as moot.

## CONCLUSION

For the reasons stated herein, plaintiffs' motion to reconsider will be denied, their motion to amend the judgment will be denied in part and granted in part, and their motion to amend their complaint will be denied. A separate Order accompanies this Memorandum Opinion.



ELLEN S. HUVELLE
United States District Judge

Date:   July 25, 2020